IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

UNITED STATES OF AMERICA,
*ex rel*., THOMAS F. JAMISON

VS.                                                          CIVIL ACTION NO. 2:08CV214-SA-DAS

MCKESSON CORPORATION, ET AL.

## ORDER

This matter is before the court to address issues argued to the court during the March 23 case management conference. At the conclusion of that conference, the court had the parties submit additional documentation and arguments concerning a proposed stay of the proceedings pending a decision on the motions to dismiss and bifurcating discovery with discovery proceeding initially as to the relator alone. After considering the arguments and submissions of all parties the court finds as follows:

The court finds no reason to stay the matter pending the motions to dismiss. While the court appreciates that discovery could be far less involved or eliminated entirely based on the court's decisions, dispositive motions are filed in the vast majority of actions before this court, and to stay these actions pending resolution of such motions would be inefficient. Accordingly, the court will not place the case on the suspension track pending the decisions on those motions.

However, the court does find the action should be bifurcated and stayed with respect to all matters except those concerning the court's jurisdiction over the relator's claims. Consequently, the case will be placed on the suspension track only until those matters are concluded. To complete these matters, the court orders that:

1

1. The government has represented it has no objection to unsealing the relator's complaint with the names of parties as to whom the government has not yet intervened redacted. Accordingly, the court orders that the complaint should be unsealed and produced to all defendants in that fashion. The complaint shall be produced with the initial disclosures.

2. Along with any disclosures mandated by the rules of civil procedure (relating only to the jurisdictional issue), initial disclosures will include: (1) all documents relating to the public disclosure of the allegations and transactions at issue; and (2) all documents relating to the relator's claim that he is an "original source," *i.e.,* that he has "direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the government before filing an action under [the False Claims Act] which is based on the information. . . ." These disclosure do not include, however, the False Claims Act disclosure statements the relator submitted pursuant to 31 U.S.C. § 3730(b)(2).

3. The parties will be allowed to conduct depositions limited to the relator's standing and the court's jurisdiction only. Should the court decide the relator has standing to pursue his claims, these depositions will not affect subsequent depositions related to the merits of the action. The defendants will be allowed to depose the relator, but this deposition shall be done at one sitting. That is, while there are seven defendants named, the relator will not be subject to seven separate depositions. The issue is a straightforward one, and the parties shall work together to avoid unnecessary duplication. While the court will not order a lead counsel to conduct the deposition, the defendants shall confer and select no more than two attorneys to ask the questions. Depending on the relator's testimony, the court is aware that additional depositions may be necessary, but the court orders that no more than four additional depositions will be allowed, and these will be completed within the time frame set out below.

4. As to timing, the initial disclosures concerning only the jurisdictional issue shall be exchanged within fourteen days of entry of this order. Once initial disclosures have been exchanged, the court will allow limited written discovery. Interrogatories, Requests for Production, and Requests for Admissions are limited to 30 succinct questions. The defendants are to propound written discovery (if they believe it necessary) as a group. That is, the relator will be subject to a *total* of thirty requests. Written discovery shall be propounded within one week following the deadline for initial disclosures or within twenty-one days of entry of this order. Responses will be due within twenty days.

5. In the event that discovery described in paragraph 4 is utilized and the deadlines are exhausted, such discovery will be completed within forty-one days of entry of this order. Depositions, therefore, shall be completed within sixty days of entry of this order.

6. After sixty days, the parties will brief the issues concerning the court's jurisdiction, but once briefed, the present action will proceed on the merits. Regardless of the precise manner in which discovery proceeds, the parties will be given ninety days from entry of this order to file briefs. Responses and rebuttals will then proceed according to the rules of civil procedure. No

more than fifteen days after briefing on the jurisdictional issue has been completed, the parties shall confer and submit to this court an agreed proposed case management order as to the merits of the action.

IT IS, THEREFORE, ORDERED that the present action is stayed as to all issues except the court's jurisdiction over the relator's claims. Discovery as to that issue alone will commence immediately, with initial disclosures to be exchanged within fourteen days of entry of this order.

IT IS FURTHER ORDERED that once initial disclosures have been exchanged, discovery shall proceed as detailed above. At the conclusion of discovery and after briefs have been submitted as to the jurisdictional issue alone, the parties shall confer and submit to the court an agreed proposed case management order.

SO ORDERED, this the 8th day of April 2009.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE