IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF MISSISSIPPI

DELTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, THOMAS F. JAMISON, | Case No. 2:08cv0214-SA-DAS |
| Plaintiffs, | |
| v. | |
| MCKESSON CORPORATION; MCKESSON MEDICAL-SURGICAL MEDINET, INC.; GGNSC HOLDINGS, LLC; GOLDEN GATE ANCILLARY, LLC; BEVERLY ENTERPRISES, INC; CERES STRATEGIES, INC.; and CERES STRATEGIES MEDICAL SERVICES, LLC, | |
| Defendants. | |

**STIPULATION REGARDING MATTERS UNDER SEAL AND DISCOVERY ISSUES**

WHEREAS, on October 3, 2008, Plaintiff United States of America filed a complaint in intervention against the above-captioned defendants;

WHEREAS, on December 3, 2008, all defendants moved to dismiss the United States' complaint in intervention;

WHEREAS, many documents relevant to the case remain under seal;

WHEREAS, the government has asserted a common interest privilege, as well as other privileges, with the relator, Thomas Jamison, and his counsel;

WHEREAS, the government has also submitted certain documents *ex parte* to the Court for in camera review, and asserts that these documents contain information that is privileged;

WHEREAS, on April 8, 2009, the Court established discovery and briefing schedules

regarding its jurisdiction over the Relator's claims; and

WHEREAS, the parties have met and conferred regarding unsealing documents and the discovery issues described in this stipulation;

NOW THEREFORE, the undersigned parties, by and through their respective counsel, do hereby stipulate that:

1.  Docket entries 4, 6, 7, 9, 10, 12, 14, 15, 16, 18, 21, 23, 25, 26, 28, and 29 shall be unsealed in their entirety, without any redaction;

2.  Docket entries 8 and 30 shall be unsealed in redacted form. The United States, through its counsel, shall make the redactions by whiting out on the filed documents the names of parties as to whom the government has not yet decided whether to intervene. The United States may also redact information that reveals confidential investigative techniques; however, such redactions shall comprise a very small amount of information, if any;

3.  Docket entry 31 shall remain sealed in its entirety;

4.  Docket entries 5, 11, 17, 20, 22, 24, and 27 shall also remain sealed, but the United States shall provide copies of these documents to the defendants under a confidentiality agreement that limits their disclosure to defendants, their counsel, Court staff, and, to the extent needed, court reporters, copying vendors, etc. The government shall redact the documents, if necessary, in the same manner as docket entries 8 and 30. If defendants include or quote the documents in Court filings, defendants shall file a motion to seal the portions of the filings that disclose the documents' contents;

5.  Docket entries 2 and 19 (the Relator's original complaints) shall be unsealed with only the names of the parties as to whom the government has not yet decided whether to intervene redacted. No information shall be redacted besides the parties' names and addresses.

The Relator's counsel shall make the redactions by whiting out text on the filed documents. The government shall produce the redacted versions to defendants by May 20, 2009;

6. Regarding all documents that the United States has submitted to the Court for *in camera* review, the government shall provide copies of these documents to the defendants under a confidentiality agreement that limits their disclosure to defendants, their counsel, Court staff, and, to the extent needed, court reporters, copying vendors, etc. The government shall redact the documents, if necessary, in the same manner as docket entries 8 and 30. If defendants include or quote the documents in Court filings, defendants shall file a motion to seal the portions of the filings that disclose the documents' contents;

7. The government shall produce all documents relating to the current defendants (i.e., all defendants as to which the government has intervened) that the Relator provided to the government under 31 U.S.C. § 3730(b)(2), and, shall indicate, as best it can, when the Relator provided the documents;

8. The government shall identify all documents that the government provided to the Relator before intervention regarding the defendants, and, as best it can, indicate when the government provided all such documents to the Relator. If the government identifies the documents by Bates number or a similar unique identifier, the government need not re-produce copies of documents already in the possession of the defendants;

9. In addition, the government shall ask the United States Department of Health and Human Services and the Centers for Medicare & Medicaid Services to identify all publicly available materials relating to improper "joint ventures," "sham" DME suppliers, kickbacks, and violations of supplier standards, and shall produce whatever documents are identified. The government shall produce these documents to defendants as soon as practicable, but not later

441594.03

3

than three days before the relator's deposition on jurisdictional issues;

10. Defendants agree that the government need not produce during the current phase of discovery internal communications within the U.S. Department of Justice (DOJ), communications between the DOJ and the U.S. Attorney's Office, or communications between the DOJ and other federal agencies. Defendants, however, reserve their right to seek such material during discovery on the merits of this action. With the qualification that follows, the government also need not produce communications between the DOJ and the Relator, or documents relating to them (such as interview notes), other than as set forth above. The qualification is intended to prevent "cherry-picking." Specifically, communications between the government and the Relator may not be shielded from defendants as privileged if the Relator will rely on selected ones of those communications to carry his burden of proving jurisdiction; and

11. For purposes of the phase of discovery related to jurisdiction, the parties need not create a log of documents withheld as privileged. The parties reserve the right to revisit what logging is appropriate when full discovery commences, if necessary;

12. Except for the documents identified in paragraph 9, all documents identified for production in this stipulation shall be produced by May 20, 2009.

Dated: May 19, 2009				KEKER & VAN NEST, LLP


					By: */s/ David J. Silbert*
						DAVID J. SILBERT
						Attorneys for Defendants
						MCKESSON CORPORATION and
						MCKESSON MEDICAL-SURGICAL MEDINET,
						INC.

						RAYBURN COGHLAN LAW FIRM, PLLC

						KENNETH H. COGHLAN
						Attorneys for Defendants
						MCKESSON CORPORATION and
						MCKESSON MEDICAL-SURGICAL MEDINET,
						INC.

Dated: May 19, 2009				U.S. DEPARTMENT OF JUSTICE


					By: */s/ Thomas Morris*
						THOMAS MORRIS
						Attorneys for Plaintiff-Intervenor
						UNITED STATES OF AMERICA


Dated: May 19, 2009				PIGOTT REEVES & JOHNSON


					By: */s/ Cliff Johnson*
						CLIFF JOHNSON
						Attorneys for Plaintiff-Relator
						THOMAS F. JAMISON

Dated: May 19, 2009	AKIN GUMP STRAUSS HAUER & FELD LLP

By: */s/ Robert S. Salcido*
ROBERT S. SALCIDO
Attorneys for Defendants
GGNSC HOLDINGS, LLC; GOLDEN GATE
ANCILLARY, LLC; BEVERLY ENTERPRISES,
INC.; CERES STRATEGIES, INC.; and CERES
STRATEGIES MEDICAL SERVICES, LLC

BUTLER, SNOW, O'MARA, STEVENS &
CANNADA

ROBERT G. ANDERSON
Attorneys for Defendants
GGNSC HOLDINGS, LLC; GOLDEN GATE
ANCILLARY, LLC; BEVERLY ENTERPRISES,
INC; CERES STRATEGIES, INC.; and CERES
STRATEGIES MEDICAL SERVICES, LLC

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: May 22, 2009.	/s/ David A. Sanders
U. S. MAGISTRATE JUDGE