**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**UNITED STATES OF AMERICA,**
*ex rel,* **THOMAS F. JAMISON**                                                                      **PLAINTIFFS**

**V.**                                                                                  **CAUSE NO.: 2:08CV214-SA-DAS**

**MCKESSON CORPORATION, et al.**                                              **DEFENDANTS**

## ORDER ON RECONSIDERATION

The Plaintiffs in this action have filed a Motion for Reconsideration of this Court's Order dated September 29, 2009. In particular, Plaintiffs allege that this Court's finding that "[t]he Government has failed to plead that Beverly submitted any false certification in this case" is erroneous. Indeed, after reviewing the Complaint and Plaintiffs' arguments, the Court GRANTS the reconsideration.

To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949-50, 1953, 173 L. Ed. 2d 868 (May 18, 2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." In re S. Scrap Material Co., 541 F.3d 584, 587 (5th Cir. 2008) (quoting Twombly, 550 U.S. at 556, 127 S. Ct. 1955).

In considering whether Rule 9(b) was satisfied as to the Government's allegations against all Defendants, the Court held the Government had alleged sufficient detail of a scheme involving the creation of CSMS as a "sham" DME provider and the alleged kickbacks from MediNet to Beverly. Thus, this Court found the Government sufficiently pled that CSMS, MediNet, McKesson, and Beverly all presented false claims to the Government for payment.

However, in considering whether the Government put forth enough facts to survive a 12(b)(6) inquiry, the Court held that the Government failed to plead that Beverly submitted any false certification as a basis for false claims.

The False Claims Act makes it a civil violation for any person to "knowingly present[], or *cause[] to be presented*, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1) (emphasis added). Moreover, 31 U.S.C. Section 3729(a)(2) provides that any person who "knowingly makes, uses, or *causes to be made or used*, a false record or statement material to a false or fraudulent claim," shall be civilly liable.

Based on the Court's analysis of the DME supplier allegations and Beverly's involvement therewith, Plaintiffs have sufficiently pled that Beverly may have caused false claims to be presented based on its position as creator and owner of CSMS. Moreover, Plaintiffs pled with sufficiency that Beverly may have caused a false record or statement to be used in support of a false or fraudulent claim for those same reasons. Accordingly, Plaintiffs' Complaint, read in its entirety, alleges a claim under 31 U.S.C. Section 3729(a)(1) and (a)(2) against Beverly that is plausible on its face. Plaintiffs' Motion for Reconsideration is GRANTED.

SO ORDERED, this the 25th day of March, 2010.

/s/ Sharion Aycock  
**U.S. DISTRICT JUDGE**