IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

UNITED STATES OF AMERICA

VS.                                    CIVIL ACTION NO. 2:08CV214-SA-DAS

MCKESSON CORPORATION, ET AL.

## **ORDER**

This matter is before the court on motion of the plaintiff to compel (# 177). Also before

the court is the plaintiff's revised motion to compel (# 185). After considering both motions, the

court finds as follows:

As an initial matter, the court notes that the plaintiff filed its revised motion only to

comply with the local rules pertaining to a motion to compel. Because there is no substantive

difference in the motions, the court will treat them as one, and the reasoning provided herein will

apply to both motions.

With the present motion, the plaintiff asks the court to compel the defendants to produce:

> (1) MediNet's fee for service agreements with durable medical
> equipment (DME) suppliers other than Ceres Strategies Medical
> Services, LLC, as well as the proposals and responses between
> MediNet and these other suppliers; (2) to identify all of the nursing
> home chains receiving MediNet's fee for service billing, who *did not*
> provide any DME supply business to McKesson, and to produce the
> responsive documents thereto; and (3) to identify all of the nursing
> home chains receiving MediNet's fee for service billing, who *did*
> provide DME supply business to McKesson (including identification
> of the time frame, the type of medical supply business, and the dollar
> amount of such business on an annual basis) and to produce the
> responsive documents thereto.

Despite extensive briefing, the issue is a straightforward one. The plaintiff alleges in the present

1

action that the defendants violated the False Claims Act and the Anti-Kickback Statute. While the allegations are lengthy and fairly complex, for purposes of this motion, they can be seen as follows: The plaintiff alleges the defendants devised a scam that would allow Beverly (the nursing home chain) to receive a portion of Medicare payments so long as it utilized MediNet's services and purchased equipment from McKesson. As part of the alleged scam – according to the plaintiffs – Beverly created Ceres Strategies (the alleged sham corporation) to obtain a supplier number MediNet could then use to file the Medicare claims. Once the government paid the Medicare claims, Medinet would then collect its fee, leaving a portion of those funds with Ceres/Beverly.[1] In this way, Beverly would receive a portion of the Medicare payments to which it had no legitimate claim; MediNet would receive a portion described as "contract billing;" and McKesson would receive a portion for supplying the equipment.

With the present motion, the plaintiffs are asking the defendants to produce documents and answer interrogatories related to MediNet's relationships with other nursing home chains. Specifically, the plaintiffs want any service agreements MediNet has with suppliers other than Ceres Strategies. They also want a list of all the nursing home chains with whom MediNet did business (other than Beverly, of course) who did or did not receive their equipment from McKesson. The defendants respond that such requests are irrelevant to the claims made. Also, pointing to Judge Aycock's September 29 order granting in part and denying in part their motion to dismiss, the defendants contend that the plaintiff's motion seeks to do specifically that which Judge Aycock disallowed when she held:

---

[1]To repeat, the court is aware this is a simplistic description of the allegations, but a detailed description is unnecessary to decide the issue now before the court.

Rule 9(b) also prevents nuisance suits and the filing of baseless claims as a pretext to gain access to a "fishing expedition." *Grubbs* 565 F.3d at 191. Defendants contend that the Government's allegations and allusions to causes of action against unnamed entities violates Rule 9(b). Indeed, the Government responded to the motion to dismiss by stating that the "Government plans to investigate, through discovery in this case, the extent to which McKesson and MediNet are engaged in similar kickback schemes with other nursing home chains." The Government has not satisfied the Rule 9(b) pleading standard as to those allegations against any unnamed defendant. Accordingly, paragraphs 86, 93, 101, and 114 of the Complaint are stricken.

The plaintiff replies that with their argument, the defendants are confusing the stringent pleading requirements of Rule 9(b) with the liberal discovery standards of the federal rules. The court does not agree.

With her order, Judge Aycock made it clear that the plaintiff would not be allowed to proceed against unnamed entities even in light of the government's response that it planned to investigate "through discovery in this case" similar kickback schemes. If the court now allowed discovery related to these alleged similar kickback schemes, such a decision would be plainly inconsistent with the court's earlier decision. Had the court been willing to allow the discovery now sought, it certainly would not have dismissed paragraphs 86, 93, 101, and 114. The court would have denied the motion to dismiss, and allowed discovery either to produce the names of these unnamed entities or not. If names had been uncovered, the court assumes the plaintiffs would then have moved to amend their complaint; if not, the case would proceed as is. In the end, it is difficult – if not impossible – to grant the plaintiff's motion to compel and somehow reconcile such a ruling with Judge Aycock's September 29 order.

Moreover, the court finds the plaintiff has not produced evidence sufficient to convince

the court that it is on anything other than a fishing expedition. The court understands that the plaintiff settled an action against Harborside Healthcare, Inc. concerning actions similar to the allegations in the present action and involving MediNet and McKesson. The court also understands the plaintiff's argument that if it was able to uncover additional scams similar to the ones alleged in this action, it would likely help the plaintiff show the defendants committed these illegal acts knowingly. Nevertheless, and despite the liberal bounds of discovery, the court is not willing to allow the plaintiff to engage is wholesale discovery with nothing more than a similar act and an assumption. As the defendants point out, the pleading requirements of Rule 9 and the standard applied exist to "prevent[] plaintiffs from filing baseless claims then attempting to discover unknown wrongs." *United States ex rel. Grubbs v. Kanneganti* 565 F.3d 180, 190 (5th Cir. 2009). This court does not construe the term "baseless" as synonymous with "frivolous" or "meritless," but rather as without sufficient support to satisfy the strictures of Rule 9. If the plaintiff cannot meet the demands of Rule 9, it follows, therefore, that they may not conduct discovery to find "unknown wrongs." *Grubbs*, 565 F.3d at 190.

IT IS, THEREFORE, ORDERED that the plaintiff's motion to compel (# 177) is hereby DENIED.

IT IS FURTHER ORDERED that the plaintiff's revised motion to compel (# 185) is hereby DENIED.

SO ORDERED, this the 13th day of October, 2010.


David A. Sanders
UNITED STATES MAGISTRATE JUDGE

4