# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**UNITED STATES OF AMERICA,**          **PLAINTIFF,**

**v.**                                 **CIVIL ACTION NO. 2:08cv214-SA-DAS**

**MCKESSON CORPORATION, et al. ,**     **DEFENDANTS**.

## ORDER

This matter is before the court following a motion by the United States to compel the depositions of Paul Julian and Gary Muensterman (#269). Defendants, McKesson Corporation and McKesson Medical Surgical MediNet, Inc., ("McKesson"), have objected to the depositions on the grounds that Mr. Julian lacks personal knowledge as a corporate executive and that there are less intrusive discovery tools available to th Government. With regard to Mr. Muensterman, the Government was informed through McKesson's response, and has acknowledged, that he is no longer an employee of the company, thereby rendering that portion of the motion moot. Regarding the deposition of Mr. Julian, having considered the submissions of the parties, the record and applicable law, the court finds that the motion is well-taken.

Documents and testimony, particularly deposition testimony on behalf of McKesson's 30(b)(6) designee Lori Martinez, demonstrate Mr. Julian may have personal knowledge relevant to this litigation. McKesson argues that Mr. Julian, as a company executive, has very limited knowledge of the facts at issue and that if he does have knowledge it is available through alternative discovery methods.

Rule 26(b)(1) of the Federal Rules of Civil Procedure controls the scope of discovery, "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's

claim or defense." Relevance is typically interpreted broadly to allow liberal discovery. The Fifth Circuit has, in light of this discovery standard, noted that "it is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979).

McKesson argues that before a party may depose a senior executive, the party must demonstrate that the executive has unique and personal knowledge of the facts at issue. In making this argument, McKesson, likewise, relies on the Fifth Circuit's decision in *Upjohn*, that the trial court did not err in vacating notice to depose a corporation's president given failure to exhaust other avenues of discovery. *Id.*. The court finds, however, that the case at bar is distinguishable from the facts of *Upjohn*, given that the Government has demonstrated through documents and testimony that Mr. Julian may possess personal knowledge relevant to this litigation. Mr. Julian's affidavit that he lacks knowledge is insufficient reason for this court to prohibit his deposition. Additionally, in *Upjohn*, the plaintiff sought testimony from the president of the company defendant prior to any attempt to depose lower level employees designated by the company. *Id.* The court in *Upjohn* noted that, "if after taking the other depositions, plaintiff was still not satisfied...the judge should probably have allowed the deposition." *Id.* at 652. In the current case, it is in fact the testimony of McKesson's 30(b)(6) designee as well as documents produced in discovery that have led the United States to seek the deposition of Mr. Julian.

Given the liberal discovery standard and a party's right to use depositions as a discovery tool, along with the Fifth Circuit's commentary in *Upjohn* and the minimal burden the deposition will place on Mr. Julian and McKesson, this court finds that the deposition of Mr. Julian is warranted and should be allowed.

IT IS, THEREFORE, ORDERED that the motion for leave to depose Mr. Paul Julian (# 269) is hereby GRANTED. Parties are to bear their own costs with regard to the present motion.

SO ORDERED, this the 11th day of July 2011.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE